UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| LAW OFFICE OF BRIAN GREEN, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br> UNITED STATES DEPARTMENT OF STATE, </br></br>　　　　Defendant. | Case No.: 1:25-cv-01975 |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I.  INTRODUCTION

1.　This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking disclosure and release of responsive agency information unlawfully withheld from Plaintiff Law Office of Brian Green ("Plaintiff") by Defendant, the United States Department of State ("DOS").

## II.  PARTIES

2.　Plaintiff Law Office of Brian Green lawfully operates within the District of Colorado. Plaintiff requested very specific information, which is in the possession of DOS, for the purpose of obtaining the information needed to effectively represent Plaintiff's client in a case pending before this U.S. District Court (*Ali Farzaneh Jajermi, et al. v. Marco Rubio, et al.*, 24-cv-02471-SBP). Plaintiff has requested the specific information pursuant to FOIA, 5 U.S.C. § 552.

3.　The United States Department of State has custody and control of the specific agency information requested by Plaintiff. DOS is an agency within the meaning of FOIA, 5 U.S.C § 552(f).

## III. JURISDICTION

4.　This action arises under the Freedom of Information Act, 5 U.S.C. § 552. This Honorable Court has subject matter jurisdiction and personal jurisdiction over this action pursuant to 5

U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii) (Freedom of Information Act). This Honorable Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) as this action arises under the Freedom of Information Act, 5 U.S.C. § 552.

5.      The aid of this Honorable Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

## IV. VENUE

6.      Venue lies with this United States District Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## V. TIME FOR DEFENDANT TO RESPOND

7.      Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(C), Defendants have thirty (30) days to respond to the instant Complaint.

## VI. PLAINTIFF OBJECTS TO ANY CONTINUANCE

8.      Because Plaintiff has been trying to obtain the requested agency information for an extended period of time with multiple follow-up requests, and because this agency information is needed for briefing in a lawsuit currently pending before this U.S. District Court, Plaintiff objects to any continuance requested by Defendants in responding to the instant Complaint. Any unwarranted continuance would make FOIA's twenty (20) day mandate for Defendants to produce all responsive agency information to FOIA requesters, and FOIA's thirty (30) day litigation response period, meaningless. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii); 5 U.S.C. § 552(a)(4)(C).

## VII. LEGAL FRAMEWORK

9.      FOIA was passed with the intent to allow individuals access to information under government control. When a FOIA request for information is made to a federal government agency, that agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may grant itself a ten (10) working day extension where "unusual circumstances" exist, but the agency must notify the FOIA requester by "written notice to the

3

person making such request setting forth the unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). Where an agency has failed to respond to a FOIA request within the mandated time period, the person making the FOIA request is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). The FOIA requester may then file suit in the federal district court to enforce the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B). On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from complainant" ... "and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Thus, unlike other civil actions where the burden of proof is generally on the plaintiff, in a FOIA lawsuit the burden of proof on every element of the law is on the federal agency defendant to prove by clear and convincing evidence that it did not violate FOIA. *Id*.

10.   Plaintiff has exhausted its FOIA administrative remedies with both DOS and USCIS. Both DOS and USCIS have failed to conduct a legally adequate search for all of the requested agency information in their possession. In addition, neither DOS nor USCIS have produced the requested nonexempt agency information to Plaintiff. Therefore, both DOS and USCIS are in violation of FOIA, 5 U.S.C. § 552.

## VIII.   STATEMENT OF FACTS

11.   Plaintiff's clients, Ali Farzaneh Jajermi and his family, hired Plaintiff to represent him; and Plaintiff needs the information that it has requested from DOS through FOIA to effectively represent its clients.  *See* Exhibit A, Excerpt from Plaintiff's Clients' Memorandum in Opposition to Defendants' Motion to Dismiss, at page 1, footnote 1, and page 2.

12.   On January 28, 2025, Plaintiff properly filed a FOIA request for specific information from DOS pursuant to the Freedom of Information Act via the agency's online portal.  *See* Exhibit B, "Online FOIA Request Results".

4

13.   Defendant DOS receipted Plaintiff's FOIA request and issued an initial response by email on January 28, 2025. *See* Exhibit C.

14.   As part of its FOIA request, Plaintiff requested expedited processing due to the need for this agency information in the pending case of *Ali Farzaneh Jajermi, et al. v. Marco Rubio*, 24-cv-02471-SBP. *See* Exhibit B, page 3.

15.    On February 28, 2025, Defendant emailed Plaintiff noting that its FOIA request had been assigned to the agency's "**expedited** processing track." *See* Exhibit D (emphasis in original).

16.   Since February 28, 2025, Defendant has not produced the requested agency information, despite the passage of one hundred and forty-nine (149) days. *See* Exhibit E.

17.   Plaintiff has been irreparably harmed because of the Defendant's unlawful failure to produce the information requested under the Freedom of Information Act, because without the requested information, Plaintiff has been unable to effectively represent its clients; and Plaintiff's clients will not receive either procedural due process or effective assistance of counsel as guaranteed by the Fifth and Sixth Amendments respectively. *See* Exhibit A and *Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (A government agency's failure to follow its own regulations that are promulgated to protect fundamental statutory or constitutional rights violates due process and no showing of prejudice or harmful error is required); *Bridges v. Wilson*, 326 U.S. 135 (1945); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2011)("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Padilla v. Kentucky*, 559 U.S. 356 (2010)(Aliens present in the United States are afforded the right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution); *Reno v. Flores*, 507 U.S. 292, 306 (1993)("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."); *see also Plyler v. Doe*, 457 U.S. 202 (1982); and *Wong Yang Sung v. McGrath*, 339 U.S. 33 (1950).

## IX. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA requests to Defendant; and there are no further administrative acts that Plaintiff can take to obtain the agency information to which it is entitled. Plaintiff's only remedy remaining is by way of this Complaint. *See* 5 U.S.C. § 552(a)(6)(C).

## X. FOIA ATTORNEY'S FEES

19. Plaintiff seeks an award of its attorney's fees, costs and expenses under FOIA, 5 U.S.C. § 552(a)(4)(E). *See Gahagan v. U.S. Citizenship and Immigration Services*, 2016 WL 1110229 (E.D. La.2016) (Brown, J.); *Gahagan v. United States Customs and Border Protection*, 2016 WL 3090216 (E.D. La.2016) (Brown, J.); *Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328 (E.D. La. 2012) (Barbier, J.).

## XI. CAUSE OF ACTION
## FREEDOM OF INFORMATION ACT VIOLATION, 5 U.S.C. § 552

20. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20 as if set forth fully herein.

21. Defendant is unlawfully withholding requested nonexempt agency information, in violation of 5 U.S.C. § 552.

22. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested agency information; and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of FOIA.

23. The Defendants has violated FOIA by failing to produce all nonexempt agency information responsive to Plaintiff's FOIA request in its possession within the twenty (20) working day responsive time period set forth at 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

## XII. PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff respectfully prays this Honorable Court to:

    a. Assume jurisdiction over this matter;

    b. Order the Defendant agency to conduct a legally adequate search for all requested information in its FOIA request, segregate all nonexempt information responsive to its FOIA request, produce forthwith all nonexempt information responsive to its FOIA request, and produce a *Vaughn* index of all responsive information withheld under claim of exemption, within ten (10) days of this Court's order;

    c. Enjoin the Defendant agency from continuing to withhold any nonexempt agency information responsive to its FOIA request;

    d. Grant it its reasonable attorney's fees, costs and expenses pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E); and

    e. Grant such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this 25th day of June, 2025.

s/ Brian Scott Green_____
Brian Scott Green
Colorado Bar ID # 56087
Law Office of Brian Green
9609 S University Boulevard, #630084
Highlands Ranch, CO 80130
Tel: (443) 799-4225
BrianGreen@greenUSimmigration.com

Counsel for Plaintiff

## VERIFICATION

I, Brian Scott Green, Esq., being duly sworn upon oath, hereby state: I am the sole proprietor of the Plaintiff in this case, and I verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge and belief.

Executed this 25th day of June, 2025.


<u>/s/Brian Scott Green</u>
Brian Scott Green